**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

RAYMOND MANNING,

Plaintiff,

v.

FRANK BISIGNANO, Commissioner of Social Security,

Defendant.

CIVIL ACTION NO.: 2:25-cv-101

## REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge Michael Dennard ("the ALJ" or "ALJ Dennard") denying his claim for Period of Disability and Disability Insurance Benefits. Plaintiff urges the Court to reverse the ALJ's decision. Doc. 11. Defendant asserts that the Court should affirm the ALJ's decision. Doc. 16. Plaintiff filed a Reply. Doc. 17. For the reasons stated below, I **RECOMMEND** the Court **REMAND** the ALJ's decision to the Commissioner under sentence four of 42 U.S.C. § 405(g). I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

## BACKGROUND

Plaintiff applied for Disability Insurance Benefits on July 5, 2018, alleging an onset date of April 9, 2018. R. 349–50.[1] On January 31, 2023, the ALJ denied Plaintiff's claims. R. 18–26. The Appeals Council then denied Plaintiff's request for review of this decision. R. 1–4.

[1] A transcript of the entire proceedings before the Social Security Administration appears at Document Number 10. The transcript includes paginated Record cites. Docs. 10 to 10-2. I refer to the transcript using these same Record cites.

Plaintiff then filed suit in federal court under 42 U.S.C. § 405(g) and, on April 8, 2024, the court granted the Commissioner's uncontested motion to remand. R. 1229. The Appeals Council then vacated and remanded the ALJ's decision. R. 1235–37. On February 11, 2025, the ALJ held a hearing, at which Plaintiff, who was represented by counsel, appeared and testified. R. 1206–27. Wayne Blake, a vocational expert ("VE"), also appeared at the hearing. R. 1221–27. On April 14, 2025, the ALJ denied Plaintiff's claims. R. 13–31.

Plaintiff, born on December 24, 1981, was 36 years old at the time of the alleged onset date and 43 years old at the time of the ALJ's decision in 2025. R. 349. Plaintiff has at least a high school education. R. 1195. Plaintiff has past relevant work as an inspector. Id.

## DISCUSSION

### I. The ALJ's Findings

Title II of the Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). The Act qualifies the definition of disability as follows:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]

42 U.S.C. § 423(d)(2)(A). Under the Act, the Commissioner has established a five-step process to determine whether a person meets the definition of disability. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987).

The first step determines whether the claimant is engaged in "substantial gainful activity." Bowen, 482 U.S. at 140. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Id. at 140–41. A severe impairment is one that significantly limits one's ability to perform "basic work activities." 20 C.F.R. § 404.1522(a). If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as severe enough to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Bowen, 482 U.S. at 141.

If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine whether the impairment precludes the claimant from performing past relevant work, i.e. whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. Id.; Stone v. Comm'r of Soc. Sec., 503 F. App'x 692, 693 (11th Cir. 2013). A claimant's RFC "is an assessment . . . of a claimant's remaining ability to do work despite [her] impairments." Id. at 693–94 (ellipsis in original) (quoting Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)). If the claimant is unable to perform his past relevant work, the final step of the evaluation process determines whether she can adjust to other work in the national economy, considering his age, education,

and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Bowen, 482 U.S. at 142.

ALJ Dennard followed this sequential process to determine Plaintiff did not engage in substantial gainful activity since his alleged onset date, April 9, 2018. R. 1184. At step two, the ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine with radiculopathy; sciatica; obesity; and bilateral Osgood Schlatter's disease. Id. At step three, the ALJ determined that Plaintiff's impairments or combination of impairments did not meet the severity of an impairment listed in the Code of Federal Regulations. R. 1186–87.

The ALJ found that Plaintiff has the RFC to perform light work with additional environmental and positional limitations. R. 1187. The ALJ found that Plaintiff can lift and carry 10 to 20 pounds often; sit, stand, and walk for 6 hours in an 8-hour workday; and push and pull as much as he can lift or carry. Id. The ALJ determined that Plaintiff can often reach overhead to the left and right. Id. The ALJ determined that Plaintiff can occasionally climb ramps and stairs and stoop, kneel, crouch, and crawl. Id. The ALJ determined that Plaintiff can never climb ladders, ropes, or scaffolds, and can never work at unprotected heights or around hazardous machinery. Id. The ALJ also found that, because of pain, Plaintiff's other symptoms and the possible side effects of Plaintiff's medication, he can sustain attention, concentration, effort, and pace to perform simple tasks. Id. The ALJ found that Plaintiff can understand, remember, and carry out simple instructions and simple work-related decisions for two-hour segments throughout an eight-hour workday. Id. The ALJ also found that Plaintiff can have occasional interactions with supervisors, coworkers, and the public. Finally, the ALJ found that normal breaks could accommodate any needed time to be "off task." R. 1187–88.

At the next step, the ALJ determined that Plaintiff is unable to perform his past relevant work as an inspector. R. 1195. The ALJ determined that transferability of job skills is not material to finding that Plaintiff is not disabled because the Medical-Vocational Rules support that finding. Id. The ALJ concluded at the fifth step that Plaintiff could perform other jobs, such as a collator operator, fingerprint clerk, and mail clerk, all of which exist in significant numbers in the national economy. R. 1196–97.

## II. Issues Presented

Plaintiff asserts that the ALJ erred for two reasons. First, Plaintiff argues that the ALJ erred by relying on the VE's testimony because the ALJ failed to resolve an apparent conflict between the VE's testimony on direct and cross-examination. Doc. 11 at 1–9. Second, Plaintiff argues that the ALJ committed a legal error because he failed to comply with the Appeals Council's directions on remand when assessing Plaintiff's RFC. Id. at 9–12, 13–14. As part of the second claim of error, Plaintiff also argues that substantial evidence does not support the RFC assessment because the ALJ cherry-picked evidence. Id. at 12–13.

## III. Standard of Review

Judicial review of social security cases is limited to questions of whether "substantial evidence" supports the Commissioner's factual findings and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence, or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

But substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied on must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1260 (11th Cir. 2007). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982), overruled by statute on other grounds recognized by Lane v. Astrue, No. 8:11-CV-345-T-27, 2012 WL 292637, at *4 (M.D. Fla. Jan. 12, 2012).

## IV. The ALJ Erred by Failing to Follow the Appeals Council's Remand Order

After the ALJ issued his 2023 decision, the Appeals Council issued a remand order in which it pointed out that the medical record contained two imaging studies that showed a suspected pars fracture and marked or severe foraminal narrowing. R. 1235–36. The Appeals Council specifically pointed to a March 2020 CT and a January 2019 MRI (the "2019–2020 Images"). Id. The Appeals Council noted that the "State agency medical consultants did not review these imaging studies," and it was "unclear how the Administrative Law Judge

considered" certain medical conditions that were indicated by the 2019–2020 Images. Id. The Appeals Council stated that it was "unclear how the [ALJ] considered marked/severe foraminal narrowing" when assessing Plaintiff's RFC and that "further consideration is warranted." Id. The Appeals Council ordered the ALJ to "[g]ive further consideration to [Plaintiff's] maximum [RFC] and provide appropriate rationale with specific references to evidence of record[.]" Id.

After remand, the ALJ issued his 2025 decision. R. 1181–1203. The ALJ's 2025 decision does not show that he considered evidence of marked or severe foraminal narrowing when assessing Plaintiff's RFC. The ALJ's 2025 decision does not mention marked or severe foraminal narrowing. The ALJ discussed Plaintiff's January 2019 treatment encounter notes in his 2025 decision, but the ALJ makes no specific reference to a 2019 MRI, and the ALJ does not explain how or if he considered findings like marked foraminal narrowing. R. 1192. The ALJ mentions the March 2020 CT in his 2025 decision, but the ALJ did not expressly analyze any of the findings from the March 2020 CT. Id.

Plaintiff contends that in the 2025 decision the ALJ failed to discuss pars defects, disc spur complexes, or marked or severe foraminal narrowing or otherwise make clear how he considered this evidence when determining Plaintiff's RFC. Doc. 11 at 10. Plaintiff also contends that the ALJ noted only mild to moderate findings from Plaintiff's imaging studies in the 2025 decision. Id. at 11. Plaintiff contends that the remand order required the ALJ to address the evidence from the imaging studies and either include greater related limits in the RFC finding or explain why greater limits were not included. Id. at 13–15. Plaintiff asserts that the ALJ's failure to comply with the Appeals Council's instructions constitutes legal error, given that the order required the ALJ to do more in his decision to address the imaging studies. Doc. 17 at 18.

The Commissioner argues that the ALJ complied with the remand order. The Commissioner states that the ALJ only had to provide an "appropriate rationale with specific references to the evidence of record in support of the RFC." Doc. 16 at 16. The Commissioner states that the remand order did not require the ALJ to discuss specific findings from an MRI or CT and that the ALJ discussed the "impression" section of the 2020 CT report. Id. at 22. Finally, the Commissioner contends that Plaintiff fails to establish that any error was harmful. Id. at 23.

When the Appeals Council remands a case to an ALJ, failing to follow the terms of the remand order is a legal error. See Apone v. Comm'r, Soc. Sec. Admin., 435 F. App'x 864, 865 (11th Cir. 2011); see also Bolen v. Astrue, Case No. 07-0516-C, 2008 WL 694712, at *3 (S.D. Ala. Mar. 12, 2008) (holding that the ALJ commits legal error by not following instructions in a remand order); 20 C.F.R. § 416.1477(b) ("The administrative law judge shall take any action that is ordered by the Appeals Council[.]"). Courts look to whether the Appeals Council made a specific command and whether the ALJ followed that command. Tauber v. Barnhart, 438 F. Supp. 2d 1366, 1375–76 (N.D. Ga. 2006); see also Mepham v. Colvin, Case No. CV 315-046, 2016 WL 3675805, at *4 (S.D. Ga. July 6, 2016) (collecting cases and concluding that remand was warranted because the ALJ did not comply with the Appeals Council's remand order).

The Appeals Council commanded specific actions in its remand order. The Appeals Council highlighted the ALJ's failure to make clear how he considered the 2019–2020 Images as an issue the ALJ must resolve. R. 1235–36. The ALJ did not follow the Appeals Council's remand order. The ALJ's 2025 decision does not show that he considered evidence of marked or severe foraminal narrowing or any pars defect or fracture when assessing Plaintiff's RFC. The ALJ's 2025 decision does not mention marked or severe foraminal narrowing or pars defect or

fracture at all. While the ALJ discussed Plaintiff's January 2019 treatment encounter notes in additional detail in his 2025 decision, he makes no specific reference to the January 2019 MRI, and the ALJ did not explain how he considered findings like marked foraminal narrowing in that MRI. Compare R. 23 with R. 1192. The ALJ's discussion of the March 2020 CT in his 2025 decision also contains no additional analysis of its findings. Compare R. 24 with R. 1192. The discussion in the 2025 decision does not comply with the Appeals Council's direction.

The Commissioner argues that the Appeals Council, by its remand order, did not require consideration of specific evidence. The Commissioner asserts that the remand order did not require the ALJ to discuss specific findings from Plaintiff's 2019 MRI or 2020 CT and that the "ALJ only had to 'provide appropriate rationale with specific references to evidence of record.'" Doc. 16 at 16 (quoting R. 1236).

The Commissioner's argument is unconvincing. The language the Commissioner focuses on must be considered in the context of the remand order. Along with stating that the ALJ had to "provide appropriate rationale with specific references to evidence of record," the Appeals Council expressly stated that the 2023 decision failed to adequately discuss marked or severe foraminal narrowing as shown by Plaintiff's 2019 MRI and 2020 CT. R. 1235; see Tauber, 438 F. Supp. 2d at 1375 (looking to the "context of the entirety of the Appeals Council's order remanding for further proceedings). A plain reading of the remand order supports the view that the ALJ was required on remand to consider the 2019–2020 Images and the foraminal narrowing and pars defect identified in those studies. The ALJ's compliance with the Appeals Council's directions must be "strict." Apone, 435 F. App'x at 865; see also Rease v. Barnhart, 422 F. Supp. 2d 1334 (N.D. Ga. 2006) (holding that the ALJ erred by obtaining a mental status evaluation that did not consider physical limitations because it was not a comprehensive

evaluation as the Appeals Council). The ALJ did not make clear how he considered marked or severe foraminal narrowing or pars defect when assessing Plaintiff's RFC.

The Commissioner also argues that remand is unwarranted because Plaintiff has not met his burden to establish that any error was harmful. Doc. 16 at 23 (citing Shinseki v. Sanders, 556 U.S. 396 (2009)). This argument is unpersuasive. The ALJ's failure to comply with the Appeals Council's order is a legal error. Bolen, 2008 WL 694712, at *3 (collecting cases). Further, the Court cannot evaluate whether the ALJ's inadequate consideration of the imaging studies "was harmless error without 're-weighing the evidence and engaging in conjecture that invades the province of the ALJ.'" Farmer v. Comm'r, Soc. Sec. Admin., Case No. 1:17-CV-2579, 2018 WL 3750976, at *11 (N.D. Ga. July 10, 2018) (quoting Nyberg v. Comm'r of Soc. Sec., 179 F. App'x 589, 592 (11th Cir. 2006)). Thus, remand is warranted.

Plaintiff raises additional issues in his brief, arguing that substantial evidence does not support the ALJ's decision because the ALJ failed to resolve an internal conflict in the VE's testimony and cherry-picked evidence. Doc. 11 at 8, 12–13. Because I conclude that remand is necessary due to the ALJ's failure to follow the Appeals Council's remand order, I do not address these arguments further. See, e.g., Demenech v. Sec'y of Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (declining to address the plaintiff's remaining arguments because remand was warranted on one issue); Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (stating that a court need not review other issues raised on appeal where remand is required and such issues will likely be reconsidered in subsequent proceedings).

## CONCLUSION

For the reasons stated above, I **RECOMMEND** the Court **REMAND** the ALJ's decision to the Commissioner under sentence four of 42 U.S.C. § 405(g). I also **RECOMMEND** the

Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 24th day of August, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA